

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2007

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3362

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Chen v. Atty Gen USA" (2007). *2007 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3362

CHANG RUI CHEN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Annie S. Garcy
(No. A78-858-687)

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2007

Before: SLOVITER and AMBRO, Circuit Judges
POLLAK,[*] District Judge

(Opinion filed: December 19, 2007)

OPINION

AMBRO, Circuit Judge

---

[*] Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Chang Rui Chen[1] petitions for review of the Board of Immigration Appeals'

decision that, without opinion, affirmed the Immigration Judge's denial of asylum,

withholding of removal, and relief under the Convention Against Torture.[2] Chen, who

claims that he would be persecuted and/or tortured in China on account of China's

coercive population control program, argues that the IJ erred in finding him not to be

credible, and further argues that he has proven past persecution in the form of his wife's

forced sterilization.

The IJ's adverse credibility finding and denial of relief, however, are supported by

substantial evidence. In particular, numerous material inconsistencies exist as to the

adverse credibility finding. For instance, Chen testified that the Chinese government did

not discover that he had a second child until his wife's parents' house caught fire in 2001,

but in fact the record shows that the government had already learned Chen had a second

child in May 2000. Moreover, Chen was inconsistent as to when his wife was sterilized.

These inconsistencies, combined with other problems with Chen's evidence of past and

---

[1] Although the administrative record refers to the petitioner as Chuanrui Chen and Chuan Rui Chen, the petition for review refers to him as Chang Rui Chen, and his current counsel assures us that "Chang Rui Chen" is correct.

[2] We review the IJ's decision because, having been adopted without opinion by the BIA, it has become the final agency determination. *See* 8 C.F.R. § 1003.1(e)(4). We review the IJ's factual findings under a "substantial evidence" standard (that is, whether substantial evidence supports the finding). *Cao v. Attorney Gen. of the U.S.*, 407 F.3d 146, 152 (3d Cir. 2005) ("The credibility determination, like all IJ factual findings, is subject to substantial evidence review.")

future persecution, suffice to support the IJ's decision.

Accordingly, we deny the petition for review.